United States District Court
Southern District of Texas

**ENTERED**

May 15, 2026

Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## LAREDO DIVISION

| | | |
|---|---|---|
| RAFAEL OROPESA BATISTA, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:26-CV-00726 |
| | § | |
| DANIEL BIBLE, ET AL., | § | |
| Respondents. | § | |

### MEMORANDUM OPINION AND ORDER

Petitioner is currently detained in federal custody. Before the Court is Petitioner's Petition for Writ of Habeas Corpus and Request for Order to Show Cause, (Dkt. No. 1), and Petitioner's Motion for Entry of Default Pursuant to Federal Rule of Civil Procedure 55 and for Immediate Release, (Dkt. No. 12). Respondents have not replied to the Court's order for a response or its order to show cause, (Dkt. Nos. 5, 9), so the petition is considered unopposed, as explained below.

The Court finds that Petitioner's deprivation of liberty without constitutionally adequate procedures is a violation of his due process rights, and the failure to provide due process warrants his release. For the reasons stated below, Petitioner's Petition for Writ of Habeas Corpus is granted in part. Respondents are ordered to release Petitioner **by May 19, 2026, at 5:00 p.m.** The parties are ordered to notify the Court of the status of Petitioner's release **by May 20, 2026, at 5:00 p.m.**

### I. BACKGROUND

#### A. Factual Background

Petitioner, a citizen of Cuba, challenges his ongoing detention without a bond hearing. Petitioner entered the United States in 2022 and has remained continuously present in the country since then. (*See* Dkt. No. 1 at 4; Dkt. No. 1-2 at 2).[1] Shortly after

---

[1] When citing to the page numbers of any document in the record, the Court will cite to the page numbering of the Court's internal CM/ECF docket system, and not to the page numbers in the underlying documents.

entering the United States, Petitioner was apprehended by immigration officials and served a Notice to Appear. (Dkt. No. 1 at 4). Petitioner was then released on his own recognizance, and his Notice to Appear was eventually dismissed for failure to prosecute. (*Id.*; Dkt. No. 1-3). Petitioner represents that he has no criminal history. (Dkt. No. 1 at 4).

On January 24, 2026, Petitioner was re-detained at his ICE check-in appointment. (*Id.*). Petitioner appeared for a bond hearing in Immigration Court, but the Immigration Judge denied his request on a jurisdictional basis. (Dkt. No. 1-6). Petitioner was ordered removed to Cuba by an Immigration Judge, but he filed a timely appeal to the Board of Immigration Appeals (BIA), which means his removal order is not final. (Dkt. Nos. 1-4, 1-5).

### B. Legal Background

The Department of Homeland Security (DHS) and Department of Justice (DOJ) released interim guidance in July 2025, announcing a new legal position on detention authorities for noncitizens. The guidance interpreted the mandatory detention provision of Section 235 of the Immigration and Nationality Act (INA), or 8 U.S.C. § 1225, as applying to the detention of all "applicants for admission," including all noncitizens who have not been admitted, whether they arrive at a port of entry or enter without inspection. This position was adopted by the Board of Immigration Appeals (BIA) in September 2025. *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025).

In the months following the shift in policy, federal district courts across the country found the Government's interpretation at odds with the text of the statute and ordered bond hearings, or release, for noncitizens subject to mandatory detention under the policy. *See, e.g.*, *Barco Mercado v. Francis*, No. 25-CV-6582, 2025 WL 3295903, at *4, n.22 (S.D.N.Y. Nov. 26, 2025) (collecting cases). In February 2026, the Fifth Circuit held that Section 1225(b)(2) applies to all applicants for admission, regardless of whether they are actively "seeking admission" when they are detained. *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. 2026). However, *Buenrostro* did not address the validity of due process claims such as those raised by Petitioner in this case. *See, e.g.*, *Bonilla Chicas v. Warden*, No. 5:26-CV-131, 2026 WL 539475, at *4–5 (S.D. Tex. Feb. 20, 2026); *see also Padron Covarrubias v. Vergara*, No. 5:25-CV-112, 2025 WL 2950097 (S.D. Tex. Oct. 8,

2025), *overruled by Buenrostro-Mendez*, 166 F.4th 494 (explaining the Court's prior statutory interpretation of Section 1225).

### C. Procedural Background

Petitioner filed the instant petition for a writ of habeas corpus, maintaining that he is entitled to release from detention. In his petition, Petitioner raised several claims for relief: violation of the Immigration and Nationality Act; violation of the Due Process Clause of the Fifth Amendment; violation of the Administrative Procedure Act; violation of his right to equal protection under the Fifth Amendment; violation of the Suspension Clause; and violation of the *Accardi* doctrine. Petitioner's due process claim includes an argument that his detention without an individualized custody determination violates his procedural due process rights under the Fifth Amendment. Petitioner requests, among other things, that this Court issue an order declaring his detention unlawful, immediately release him from custody or provide a bond hearing, and award reasonable attorney's fees.

The Court reviewed the petition and ordered Respondents to file a response. (Dkt. No. 5). Respondents did not respond by the deadline, so the Court entered an order to show cause for the failure to respond, (Dkt. No. 9). The Court specifically stated that "If Respondents fail to respond, the Court may deem the Petition unopposed." (*Id.* at 1). These orders were served on the United States Attorney's Office for the Southern District of Texas in accordance with the relevant Memorandum of Understanding for Section 2241 cases. (Dkt. Nos. 6, 10). No response to either of the Court's Orders has been filed, and Petitioner filed a motion for entry of default for Respondents' failure to respond. (Dkt. No. 12).

## II. DISCUSSION

Because Respondents failed to respond to the petition, the Court will consider it unopposed as it stated in its prior Order. Though Petitioner moves for entry of default, the Court finds that the petition can be resolved on its merits under Section 2241, so the Court does not reach the motion for entry of default under Rule 55 of the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 2241; Fed. R. Civ. P. 55(a).

In assessing the merits of the petition, the Court finds that it should be granted in part. The Court principally addresses Petitioner's due process claim and finds that his

detention violates due process.[2] The Court incorporates the legal standards and analysis applied in its prior order granting a petition for a writ of habeas corpus under similar facts. *Lopez Moncebais v. Bondi*, No. 5:26-CV-268, slip op. (S.D. Tex. Mar. 27, 2026).

There, this Court found that *Buenrostro* does not foreclose due process challenges to mandatory detention, a noncitizen subject to mandatory detention may bring an as-applied due process challenge to 8 U.S.C. Section 1225(b)(2), Supreme Court precedent does not foreclose that type of challenge, and liberty interests in freedom from detention must be protected by due process of law, including individualized justification for civil detention. *See id.* The Court then applied the balancing test from *Mathews v. Eldridge* and found that the petitioner's procedural due process rights had been violated. *Id.* at 13 (citing *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)). The Court ordered immediate release for the due process violation. *Id.* at 17.[3]

The Court finds that the same reasoning applies to these facts, though Petitioner's length of presence in the United States is factually distinct from *Lopez Moncebais*. Petitioner has resided in the United States since 2022. The Court's reasoning in *Lopez Moncebais* relied on the petitioner's length of residence in the United States in evaluating his liberty interest. Here, the Court finds that Petitioner's residence in the United States since 2022 still creates a sufficient liberty interest to require that his detention is safeguarded with constitutionally adequate procedures, including an individualized determination of whether he should be detained.

Additionally, the Court has previously found that a prior release like Petitioner's strengthens the liberty interest of a noncitizen because their release created an expectation that they would be free from detention during the pendency of their removal proceedings. *Bonilla Barrios v. Noem*, No. 5:26-cv-172, slip op. at 4 (S.D. Tex. Apr. 2, 2026). As the Court explained there, liberty interests "may arise from an expectation or interest created by state laws of policies." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). In this case, Petitioner had an expectation, in addition to his residence since 2022, that he would be free from detention or at least entitled to seek bond while his removal

---

[2] Because the Court grants Petitioner's requested relief without consideration of his other claims, the Court will decline to address the merits of those claims.

[3] The Court also denied attorney's fees under the EAJA and incorporates that analysis here as well. *Lopez Moncebais*, No. 5:26-CV-268, slip op. at 17.

proceedings were pending. He was released from detention in 2022 and spent over three years out of custody before he was re-detained. Petitioner appeared for a standard ICE check-in appointment and was taken into custody without any advance warning or explanation. That expectation interest strengthens his liberty interest. The Court also notes that several cases analyzed for their persuasive authority in *Lopez Moncebais* similarly considered prior release as a factor strengthening the liberty interest of noncitizens detained under Section 1225(b)(2) without a bond hearing. *See Lopez Moncebais*, No. 5:26-CV-268, slip op. at 7 n.6 (collecting cases).

For these reasons and the reasons discussed in the Court's analysis in *Lopez Moncebais*, the Court finds that Petitioner's detention violates his rights under the Due Process Clause of the Fifth Amendment, he is entitled to relief, and the appropriate remedy is to order Petitioner's immediate release from custody.

### III. CONCLUSION

For the foregoing reasons, Petitioner's Petition for Writ of Habeas Corpus and Request for Order to Show Cause, (Dkt. No. 1), is **GRANTED in part and DENIED in part**. Petitioner's Motion for Entry of Default Pursuant to Federal Rule of Civil Procedure 55 and for Immediate Release, (Dkt. No. 12), is **DENIED as moot**.

Respondents are **ORDERED** to **RELEASE** Petitioner from custody **by May 19, 2026, at 5:00 p.m.**, under reasonable conditions of release, and to submit a status report to the Court confirming Petitioner's release **by May 20, 2026, at 5:00 p.m.** Respondents must notify Petitioner's counsel of the exact time and location of Petitioner's release **no less than two hours** prior to Petitioner's release from custody. Respondents are ordered to return Petitioner's identity documents and personal effects upon his release.

All other relief requested by Petitioner, including his request for recovery of attorney's fees, is **DENIED**.

If Petitioner is re-detained, Petitioner must be afforded procedural due process as guaranteed by the Due Process Clause of the Fifth Amendment.

The Court **DIRECTS** the Clerk of Court to send this Order by electronic mail to

USATXS.CivilNotice@usdoj.gov.

A final judgment will follow.

It is so **ORDERED**.

**SIGNED** on May 15, 2026.

John A. Kazen
United States District Judge